## Commonwealth ex rel. Aston v. Kovalcik

*J. Earl Langan*, for plaintiff.

*Bernard J. Podcasy*, for defendant.

APONICK, J., January 14, 1957.—This is a quo warranto proceeding brought to determine the validity of the appointment of Philip Kovalcik as councilman of the Borough of Ashley in place of Frank B. Gatuskey. Defendant has filed preliminary objections in the nature of a demurrer and also asking for a more specific complaint.

The Council of the Borough of Ashley consists of six persons, two being elected from each ward. On October 9, 1950, Frank B. Gatuskey, a councilman from the third ward, resigned and his resignation was accepted on October 11, 1956. This reduced the number of councilmen to five. Thereafter, at a meeting held October 17, 1956, defendant, Philip Kovalcik, was elected to fill the vacancy. There were only three council members present at this meeting and all three voted for defendant.

Section 23 of The Borough Code of July 10, 1947, P. L. 1621, 53 PS §46001, provides as follows: "A majority of the entire membership . . . shall constitute a quorum.". Plaintiff contends that this means that a quorum consists of four members, that being a majority of six. Defendant contends that, as there were only five members and a vacancy at that time, a quorum consisted of three, which is a majority of five, and that the meeting of October 17 was legal.

This case is directly ruled by two cases in this court decided upon facts which are, for all practical purposes, the same.

In Commonwealth ex rel. v. Sullivan, 32 Luz. 339, the council of Duryea Borough consisted of 10 members, two from each ward. One of those persons died and five of the remaining nine elected a person to the vacancy. Judge Farrell held that the election was invalid and granted judgment in favor of the Commonwealth.

In Commonwealth ex rel. v. Pritchard, 38 Luz. 73, the council of Luzerne Borough consisted of eight members. One resigned and four of the remaining seven met and elected a successor. Judge Fine held the election to be illegal because no quorum was present.

To the same effect see Commonwealth ex. rel. v. Dellaquilla, 58 D. & C. 318.

The above cases cannot be distinguished in principle from the one now before us and we think they should be followed.

As to the more specific complaint, we think that the questions raised by the preliminary objections are either matters of defense or raise questions of law which have been disposed of by what has been said in connection with the demurrer.

Accordingly, the preliminary objections are overruled and defendant is directed to answer on the merits within 20 days of the date of this order.